**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GEORGE FREEMAN, JR.,**

**Plaintiff,**

**v.** **Case No.: 8:15-CV-1622-T-23EAJ**

**LAKE WALES POLICE DEPARTMENT, et al.,**

**Defendants.**

**______________________________________/**

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.[1]

On July 28, 2015, the Court deferred ruling on Plaintiff's affidavit of indigency and ordered Plaintiff to file "an amended complaint that invokes this court's jurisdiction and states a claim under federal law or state law over which this court has jurisdiction." (Dkt. 6 at 5-6) Plaintiff timely filed his amended complaint on August 17, 2015. (Dkt. 7)

Discussion

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1).

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted). However, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989).[2]

As explained in the Court's July 28, 2015, order, Plaintiff has established the requisite inability to proceed without paying the costs of the action. (Dkt. 6 at 2) However, without regard to Plaintiff's indigency status, Plaintiff's Amended Complaint (Dkt. 7) does not state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's amended complaint complies with the Court's July 28, 2015, order in that the amended complaint identifies which rights under the Fourth, Fifth, and Sixth Amendments Plaintiff alleges were violated. However, the amended

[2] The website for the United States District Court for the Middle District of Florida includes information on proceeding without a lawyer, available at http://www.flmd.uscourts.gov/pro_se/default.htm#.

complaint still fails to include sufficient facts to state a claim for relief.[3]

As Plaintiff's Complaint is submitted on the Middle District of Florida's "Civil Rights Complaint Form," the Court construes the Complaint as being filed under Section 1983, 42. U.S.C.[4] To state a claim for relief under section 1983, Plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In his amended complaint, Plaintiff asserts violation of his Fourth, Fifth, and Sixth Amendment rights under the United States Constitution. Plaintiff contends that his Fourth Amendment[5] right to be secure in his person and papers was violated by Defendants David Black,

---

[3] The amended complaint leaves out much of Plaintiff's description regarding the events that occurred on June 29, 2015. (See Dkt. 1 at 5-10) However, even if Plaintiff intended to incorporate those facts into the amended complaint, the amended complaint still fails to sufficiently plead the constitutional violations asserted.

[4] Section 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[5] The Fourth Amendment provides,

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Olivia Harper, and Angela Harmon, employees of Defendant Lake Wales Police Department, when Defendants Black, Harper, and Harmon "[k]nowingly, [w]illingly, and [i]ntentionally conspired together to elicit and tamper with information[.]" (Dkt. 7 at 5) Plaintiff also states that Defendants Black, Harper, and Harmon knew that Plaintiff was to meet with a Lieutenant Alrod the morning of June 29, 2015, in relation to filing a section 1983 action against Defendant Lake Wales Police Department for an alleged violation that took place on February 13, 2015.

These statements are insufficient to state a claim for a violation of Plaintiff's Fourth Amendment rights. Even if the Court incorporated Plaintiff's description of events from the original complaint, Plaintiff's claim for violation of his Fourth Amendment rights would still be insufficiently pleaded. Plaintiff's original complaint stated that upon learning Lieutenant Alrod was not available, Plaintiff agreed to hear what Defendant David Black had to say; Plaintiff was led to a room where he was interrogated, yelled at, and eventually told to leave the department. (Dkt. 1 at 7-8) However, these allegations fail to rise to the level of a constitutional injury.

Among other things, Plaintiff fails to allege that a search or seizure occurred. Moreover, Plaintiff does not allege whether any such search was reasonable, see Gennusa v. Canova, 748 F.3d 1103, 110 (11th Cir. 2014) ("[A] Fourth Amendment search occurs 'when the government violates a subjective expectation of privacy that society recognizes as reasonable.' (quoting Kyllo v. United States, 533 U.S. 27, 33 (2001).), or whether, as to any such seizure, a reasonable person would have felt free to disregard the police under the circumstances presented. See Hughes v. Lamberti, No. 08-61351-CIV-MOORE, 2010 WL 5884060, at *5 (S.D. Fla. Nov. 24, 2010) ("Whether the encounter constitutes a seizure, thereby triggering the citizen's constitutional rights, turns on whether a

---

U.S. Const. amend. IV.

reasonable person would feel free to disregard the police and go about his business. A seizure occurs when a person submits to an officer's show of authority." (citations omitted)).

Plaintiff also asserts a violation of his Fifth Amendment rights[6] to not be held to answer for an infamous crime, unless on a presentment or indictment of a grand jury, and not be deprived of life, liberty, or property without due process of law. (Dkt. 7 at 5) However, Plaintiff fails to allege sufficient facts to support a claim for violation of his right not to be held to answer for an infamous crime.[7] Moreover, the Fifth Amendment "protects a citizen's rights against infringement by the federal government, not by state government." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1328 (11th Cir. 2015). As Plaintiff has named no federal defendant in this case, the Fifth Amendment does not apply.

Even should the Court construe Plaintiff's Fifth Amendment due process claim as a claim for violation of due process under the Fourteenth Amendment,[8] "[a] § 1983 claim alleging a denial

---

[6] The Fifth Amendment provides,

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

[7] Even considering Plaintiff's description from the original complaint, Plaintiff fails to allege that any kind of arrest occurred or that he was charged with any crime. (Dkt. 1 at 5-10)

[8] Section one of the Fourteenth Amendment provides, in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir.2003) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir.1994)). Plaintiff alleges that he was the subject of a custodial interrogation (Dkt. 7 at 6), but fails to allege (in either the amended complaint or the original complaint) any constitutionally-inadequate process.

Plaintiff additionally alleges that his Sixth Amendment[9] right to an attorney was violated. However, the right to counsel begins "at or after the initiation of adversary judicial proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." U.S. v. Gouveia, 467 U.S. 180, 188 (1984) (citation and internal quotation marks omitted). Neither Plaintiff's amended complaint nor his original complaint alleges that any adversary judicial proceedings against him had ,and Plaintiff fails to state sufficient facts demonstrating how his Sixth Amendment right to assistance of counsel was allegedly violated.

Moreover, the claim against Defendant Lake Wales Police Department fails to state a claim, as "police departments cannot be sued in a federal civil rights action[,] . . . because a police

---

[9] The Sixth Amendment provides,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. amend. VI.

department is merely an administrative arm of the local municipality, and is not a separate judicial entity." Brown v. Hannold, No. 06-61313-CIV, 2007 WL 1879155, at *3 (S.D. Fla. Jun. 27, 2007) (order adopting the supplemental report of a United States Magistrate Judge recommending dismissal of a claim against the City of Fort Lauderdale Police Department "because police departments cannot be sued in a federal civil rights action."). See also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." (internal citations and quotation marks omitted).); Fla. City Police Dep't v. Corcoran, 661 S. 2d 409, 410 (Fla. 2d DCA 1995) ("[T]he Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued.")[10]

Accordingly, it is **RECOMMENDED** that:

(1) Plaintiff's **Affidavit of Indigency** (Dkt. 2), construed as a motion for leave to proceed in forma pauperis, be **DENIED**; and

(2) the case be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

---

[10] Even if construed to assert a claim against the municipality rather than the Lake Wales Police Department, Plaintiff's amended complaint fails to state a claim against the municipality as it fails to allege that a pattern or practice of the municipality was responsible for the violation of Plaintiff's rights. Hicks v. City of Savannah, No. CV407-029, 2007 WL 2020156, at *2 (S.D. Ga. July 9, 2007) ("While a municipality is a legal entity amenable to § 1983 lawsuit, it may not be liable under § 1983 absent a showing that a custom, pattern, or practice of the city or county resulted in the deprivation of a plaintiff's constitutional rights." (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).).

**DATE: September 2, 2015**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
Pro Se Parties
District Judge